United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40989
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JOHN RATER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-7-RAS-ALL
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

Robert John Rater appeals the sentence imposed following his
guilty-plea conviction for being a felon in possession of a
firearm. He contends that the district court erred in imposing a
four-level upward adjustment to his offense level based on the
court's finding that the offense involved the possession of 8-24
firearms. He also asserts that the district court erred in
determining that three of his prior offenses were not related

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under U.S.S.G. § 4A1.2(a)(2). Rater raised both of these arguments before the district court.

In United States v. Booker, 125 S. Ct. 738, 756 (2005), the Supreme Court applied its previous holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004), to the federal sentencing guidelines and ruled that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker excised from the Sentencing Reform Act the mandatory duty of district courts to apply the federal sentencing guidelines and effectively rendered the guidelines advisory only. Id. at 764; see United States v. Mares, 402 F.3d 511, 518 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). In Mares, we explained that Booker error occurs when "a sentence, which was enhanced by using judge found facts, not admitted by the defendant or found by the jury, in a mandatory Guidelines system" is imposed. Mares, 403 F.3d at 521.

Such is the case here. Rater's sentence was enhanced based on the district court's finding that his conduct involved 8-24 firearms, a fact to which there is no evidence in the record on appeal that he admitted and which was not submitted to a jury. Additionally, because Rater was sentenced prior to the decision in Booker, the district court applied the sentencing guidelines

as mandatory, rather than advisory.  Given the increase in the guidelines range applied by the district court, Rater was harmed by the district court's error.  See United States v. Akpan, __ F.3d __, No. 03-20875, 2005 WL 852416 at *11-*12 (5th Cir. Apr. 14, 2005).  Rater objected to the enhancement on facts neither admitted nor found by a jury, and he has preserved the error.  Accordingly, Rater's sentence is vacated and remanded to the district court for resentencing in accordance with Booker.

In view of the order of vacatur, we pretermit consideration of the other sentencing issue raised by Rater.

SENTENCE VACATED AND REMANDED.